IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH A. FLANNICK and LINDA C. FLANNICK, individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br><br>        v.<br><br>FIRST UNION HOME EQUITY BANK, N.A.,<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br><br><br>NO. 98-6080 |

**ORDER**

**AND NOW**, this **2ⁿᵈ** day of **February, 2004**, upon consideration of the settlement hearing of February 2, 2004, all submissions presented with respect to the proposed Settlement, the Petition of Plaintiffs' Counsel for awards of fees, costs, and expense reimbursements, and the affidavits, schedules and exhibits submitted in support thereof, and determining that the settlement is fair, adequate, and reasonable, it is hereby **ORDERED** that:

1. On October 24, 2003, an Order Certifying Modified Class For Settlement Purposes, and Preliminarily Approving Proposed Settlement Of Class Action, and Directing Notice Of Hearing On Proposed Settlement was entered by this Court directing that notice be given to all persons who from November 17, 1996 through July 31, 1999 entered into mortgage loans with First Union Home Equity Bank, N.A. ("First Union Home Equity Bank") and who were charged interest by First Union Home Equity Bank before the loan proceeds were received by them, other than the Defendant and its officers and directors (the "Class"), of the proposed Settlement of this Action and of a hearing to determine whether the Settlement should be approved as fair, adequate and reasonable, and to fix fees, costs and expense

1

    reimbursements of Plaintiffs' Counsel, as well as to hear any objections thereto. Such a hearing was held, as noticed, on February 2, 2004. Prior to the Settlement Hearing, proof of notice, as directed in said Order, was presented and filed. Members of the Class were also notified of their right to appear at the hearing in support of or in opposition to the proposed Settlement and award of fees and reimbursement of expenses. Those determined to be "Additional Class Members" were given the right to exclude themselves from the Class by a date certain. (All other class members had previously been provided with the right to exclude themselves from the Class by a date certain).

2. The Court has subject matter jurisdiction over this action.

3. Notice to the Class as required by Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure has been given in an adequate and sufficient manner, constituting the best notice practicable, complying in all respects with such Rules and the requirements of due process, including, but not limited to, the forms of notice and the methods of identifying and giving notice to the Class.

4. The requirements of Rule 23(a) of the Federal Rules of Civil Procedure are met in that the Class is so numerous that joinder of all members is impracticable; questions of law and fact are common to the Class; the claims of the named plaintiffs are typical of the claims of the Class, and plaintiffs and their counsel have fairly and adequately represented the interests of the Class.

5. Rule 23(b)(3) of the Federal Rules of Civil Procedure is satisfied in that the issues of law and fact common to the members of the Class predominate over any individual issues and a class

action is superior to other available methods for the fair and efficient adjudication of this controversy.

6. The proposed Settlement is in all respects fair, adequate, and reasonable and is hereby approved.

7. Plaintiffs, Class Members and the defendant shall consummate the Settlement according to the terms of the Stipulation.

8. Upon the Settlement Effective Date (as defined in the Stipulation), all claims, demands, rights, liabilities and causes of action of any nature and description which now exist, or heretofore existed, in favor of the plaintiffs or the Class, against the Defendant, arising out of or relating to defendant's charging of interest prior to the disbursement of loan proceeds to borrowers, are hereby dismissed with prejudice and on the merits and without an award of costs, and all such claims are hereby compromised, settled, released and extinguished.

9. Jurisdiction is hereby retained as to all matters related to administration and consummation of the Settlement including, but not limited to, the allowance of claims.

10. Neither this Final Order nor the Stipulation is an admission or concession by the Defendant of any actual or potential fault, omission, liability or wrongdoing. This Judgment is not a finding of the validity or invalidity of any claims in this Action or of any wrongdoing by the Defendant. Neither this Final Order nor the Stipulation or the fact of settlement, nor settlement proceedings, nor the settlement negotiations, nor any related document shall be used as an admission of any actual or potential fault or omission by any person or be offered or received in evidence as an admission, concession, presumption or inference against any party in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

11. Plaintiffs' Counsel are awarded the sum of **$250,000.00** as legal fees and **$88,186.31** as reimbursement of their costs and out-of-pocket expenses, which shall be paid from the Settlement Fund.

12. Named plaintiffs, Joseph Flannick and Linda Flannick, are awarded the sums of **$1,250.00** and **$1,250.00**, respectively, as incentive awards to be paid from the Settlement Fund.

13. In the event that the conditions to the Settlement set forth in the Stipulation are not fulfilled, or the Stipulation is terminated pursuant to its terms, then this Final Order shall, upon further Order of the Court, be rendered null and void and be vacated and the Stipulation and all orders entered in connection therewith shall be rendered null and void.

**BY THE COURT:**

_____
**Berle M. Schiller, J.**