**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH A. FLANNICK and LINDA C. FLANNICK, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION NO. 98-CV-6080 |
| Plaintiffs, | : : | |
| v. | : : | |
| FIRST UNION HOME EQUITY BANK, N.A., | : : : | |
| Defendant. | : : | |

## O R D E R

**AND NOW** this        day of                    , 2005, upon consideration of the Motion

of Plaintiffs to Authorize Cy Pres Distribution of Remaining Balance of Settlement Fund

**IT IS HEREBY ORDERED** that the remaining balance of the Settlement Fund shall be

distributed to The Philadelphia Bar Foundation.

BY THE COURT:

_____
J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH A. FLANNICK and LINDA C. FLANNICK, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION NO. 98-CV-6080 |
| Plaintiffs, | : : | |
| v. | : : | |
| FIRST UNION HOME EQUITY BANK, N.A., | : : | |
| Defendant. | : : | |

### PLAINTIFFS' MOTION FOR AN ORDER AUTHORIZING CY PRES DISTRIBUTION OF REMAINING BALANCE OF SETTLEMENT FUND

Plaintiffs seek an Order authorizing Final Distribution of the Remaining Balance of Settlement Fund to the Philadelphia Bar Foundation under the doctrine of *cy pres*. If the Court approves this Motion, all aspects of this Litigation will be terminated finally for all purposes.

In support of this Motion Plaintiffs submit the accompanying exhibits and memorandum of law and further state:

1.     In the course of this Litigation, Plaintiffs entered into a Settlement with Defendant, resolving all claims arising out of Class Members' entering into home equity loan contracts with Defendant. Following approval of the Settlement, this Court entered an Order authorizing distribution of the proceeds of the Settlement Fund to the members of the Class. On or about May 10, 2004, Class members were sent checks for their proportionate share of the settlement proceeds. As of September 20, 2005, the remaining balance of the Settlement Fund, after all distributions, totals $59,037.85, including

accrued interest.  See Declaration of Michael Kirchner ¶ 4; Declaration of Michael D.
Gottsch ¶ 3.

2.     The Claims Administrator made every reasonable effort to locate Class
members whose checks were returned as undeliverable.  (Id.).  At this point, every
reasonable attempt has been made to locate and distribute the entire Settlement Fund to
those entitled to share in it, and no additional procedures are recommended.  (Id.). No
check has been cashed since November 24, 2004. The checks bore a legend above the
amount staing, "Not valid after 90 days." The defendant has no residual interest in this
fund.  It would be uneconomical to distribute the remaining unpaid balance amount to the
approximately 32,000 authorized claimants, due to the costs of processing, printing and
mailing supplemental checks to those claimants, who would stand to receive, on average,
just $1.81 apiece.

3.     The Settlement Agreement provides, in paragraph 18:

After the Net Settlement Fund has been distributed to class members in
accordance with this agreement, Defendant shall retain no interest in any
amounts remaining in the Settlement Fund or Net Settlement Fund.  Such
residual amounts, including, but not limited to, amounts attributable to
distributions made to members of the Class which were uncashed or were
returned as undeliverable, shall be disbursed in accordance with Class
Counsel's motion for cy pres distribution to one or more appropriate
501(c)(3) organizations and as approved by the Court.

4.     "The cy pres approach ... puts unclaimed funds to its next best
compensation use."  Courts have recognized the applicability of the *cy pres* doctrine to
authorize the distribution of excess settlement funds to organizations who were not
parties to the original suit.

5.     Distributions of the unpaid balance of the Settlement Fund to the Philadelphia Bar Foundation are in accordance with these principles favoring distributing of remaining balances of settlement funds to appropriate charities and public interest groups.

6.     Named Plaintiffs and the Class request that the remaining balance of the Settlement Fund be distributed to The Philadelphia Bar Foundation (the "Foundation").

7.     The Philadelphia Bar Foundation (the "Foundation"), a non-profit corporation founded in 1964, is the charitable arm of the Philadelphia Bar Association, which reaches out to provide legal services to those in need.  The Foundation has awarded grants to a variety of law-related programs in the Philadelphia area.    The Foundation works to advance and improve the administration of justice, to improve relations with members of the Bar, Judiciary and public, to provide charitable assistance to needy and indigent members of the Bar, and to support law-related causes of a charitable nature.  In addition, the Foundation funds a variety of programs that deal with consumer finance.  See Program Materials for the Foundation, Exhibit A to Gottsch Declaration. For example, the Foundation has funded programs dealing with:

- Senior citizens who have been victimized by fraudulent home-repair financing scams;
- Victims of fraud who are struggling with "tangled title" problems with deeds to their homes;
- People with issues of personal finance, both those working through bankruptcy, and those hoping to avoid bankruptcy;
- The disabled, and those dealing with long-term health issues, who seek help in dealing with health care bills and those who seek to plan for their long-term financial needs and the needs of their dependents.

3

8.     Accordingly, the Court should approve the distribution of the residual of

the Settlement Fund in the manner requested herein so that this Litigation can finally and

completely be put to rest.

## CONCLUSION

Based upon all of the foregoing, Plaintiffs' Motion should be granted.

DATED:  September 21, 2005                    Respectfully submitted,

                                              **CHIMICLES & TIKELLIS LLP**

                                              By:   _Michael D. Gottsch_

                                                    Michael D. Gottsch
                                                    Joseph G. Sauder
                                                    One Haverford Centre
                                                    361 West Lancaster Avenue
                                                    Haverford, PA  19041
                                                    (610)642-8500

                                                    Counsel for
                                                    Plaintiffs and the Class

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

JOSEPH A. FLANNICK and LINDA C.  :
FLANNICK, individually and on behalf  :          CIVIL ACTION
of all others similarly situated,  :          NO. 98-CV-6080
   :
     Plaintiffs,  :
   :
     v.  :
   :
FIRST UNION HOME EQUITY  :
BANK, N.A.,  :
   :
     Defendant.  :

---

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER AUTHORIZING CY PRES DISTRIBUTION OF REMAINING BALANCE OF SETTLEMENT FUND

Plaintiffs seek an Order authorizing Final Distribution of Remaining Balance of Settlement Fund to the Philadelphia Bar Foundation under the doctrine of *cy pres*. If the Court approves this Motion all aspects of this Litigation will be terminated finally for all purposes.

In the course of this Litigation, Plaintiffs entered into a Settlement with Defendant First Union Home Equity Bank, N.A., resolving all claims arising out of Class Members' entering into home equity loan contracts with Defendant. On May 5, 2004, this Court entered an Order authorizing distribution of the proceeds of the Settlement Fund to the Class. Checks were mailed to class members on or about May 10, 2004. As of September 20, 2005, the remaining balance of the Settlement Fund, after all distributions, totals $59,037.85, including accrued interest. See Declaration of Michael Kirchner ¶ 4; Declaration of Michael D. Gottsch ¶ 3.

The Claims Administrator made every reasonable effort to locate Class members whose checks were returned as undeliverable. Kirchner Declaration ¶ 3. At this point, every reasonable attempt has been made to locate and distribute the balance of the Settlement Fund, and no additional procedures are recommended. (Id.). No check has been cashed since November 24, 2004. The checks bore a legend above the amount staing, "Not valid after 90 days."

The defendant has no residual interest in this fund. It would be uneconomical to distribute the remaining unpaid balance amount to the approximately 32,000 authorized claimants, due to the costs of processing, printing and mailing supplemental checks to those claimants, and the negligible amount each would stand to gain ($1.81). See In re Wells Fargo Securities Litig., 991 F. Supp. 1193, 1194 (N.D. Cal. 1998) ("[A] court may utilize its cy pres power to distribute such residue to an alternate recipient if either (1) no parties have equitable interests in the residue or (2) distribution to such parties would be impractical."); Powell v. Georgia-Pacific Corp., 119 F.3d 703, 706-07 (8th Cir. 1997)(factor weighing in favor of *cy pres* distribution of funds was that it would be extremely difficult to distribute the funds and locate class members). "The cy pres approach . . . puts unclaimed funds to its next best compensation use." Jones v. National Distillers, 56 F. Supp. 2d 355, 357 (S.D.N.Y. 1999) (quoting 2 H. Newberg and A. Conte, Newberg on Class Actions § 10.17 at 10-41, 42 (3d Ed. 1992)).

The Settlement Agreement provides:

> After the Net Settlement Fund has been distributed to class members in accordance with this agreement, Defendant shall retain no interest in any amounts remaining in the Settlement Fund or Net Settlement Fund. Such residual amounts, including, but not limited to, amounts attributable to

> distributions made to members of the Class which were uncashed or were
> returned as undeliverable, shall be disbursed in accordance with Class
> Counsel's motion for cy pres distribution to one or more appropriate
> 501(c)(3) organizations and as approved by the Court.

Settlement Agreement ¶ 18.

Courts have recognized the applicability of the "cy pres" doctrine to authorize the distribution of excess settlement funds to organizations who were not parties to the original suit. See, e.g., In re: Motorsports Merchandise Antitrust Litig., MDL Docket No. 1212, 1:97-CV-2314-TWT, 2001 U.S. Dist. LEXIS 12040 (N.D. Ga. Aug. 16, 2001) (over \$2.4 million in remaining settlement funds in antitrust case that alleged a combination and conspiracy to fix prices of NASCAR race souvenirs distributed to a plethora of charitable organizations, including The Atlanta Legal Aid Society and The Lawyers Foundation of Georgia); United States v. Exxon Corp., 561 F. Supp. 816 (D.D.C. 1983) (residual damages funneled to energy conservation programs in various states), aff'd, 773 F.2d 1240 (Temp. Emer. Ct. App. 1985); West Virginia v. Chas. Pfizer & Co., 314 F. Supp. 710 (S.D.N.Y. 1970) (residual funds given to public health programs); Nelson v. Greater Gadsen Housing Authority, 802 F. 2d 405 (11th Cir. 1986) (distinguishing between fluid recovery and the cy pres application of excess funds). This is in accordance with the recognized practice among the district courts to award residual class action settlement funds to public service organizations and various charities and organizations. See Superior Beverage Co., Inc. v. Owens-Illinois, 827 F. Supp. 477, 479 (N.D. Ill. 1993) ("[T]he doctrine of cy pres and courts' broad equitable powers now permit use of funds for other public interest purposes by educational, charitable, and other public service organizations . . . "); Powell v. Georgia-Pacific Corp., 199 F.3d 703 (8th Cir. 1997) (residual settlement funds used to create scholarship fund for African

3

American high school students); In re Wells Fargo Securities Litig., supra., (residue of securities fraud class action settlement fund given to law school clearinghouse that distributed information on pending securities class actions); Schaefer v. Tannian, Civ. No. 73-39943, 1995 U.S. Dist. LEXIS 11816 (VMM) (E.D. Mich. April 17, 1995) (court-approved settlement that donated unclaimed shares of settlement to a charitable organization).

Distribution of the unpaid balance of the Settlement Fund to the Philadelphia Bar Foundation is in accordance with these principles favoring distributing of remaining balances of settlement funds to charities and public interest groups.

The Philadelphia Bar Foundation (the "Foundation"), a non-profit corporation founded in 1964, is the charitable arm of the Philadelphia Bar Association, which reaches out to provide legal services to those in need. The Foundation has awarded grants to a variety of law-related programs in the Philadelphia area. The Foundation works to advance and improve the administration of justice, to improve relations with members of the Bar, the Judiciary and the public, to provide charitable assistance to needy and indigent members of the Bar, and to support law-related causes of a charitable nature. In addition, the Foundation funds a variety of programs that deal with consumer finance. See Program Materials for the Foundation, Exhibit A to Gottsch Declaration. For example, the Foundation has funded programs dealing with:

- Senior citizens who have been victimized by fraudulent home-repair financing scams;
- Victims of fraud who are struggling with "tangled title" problems with deeds to their homes;
- People with issues of personal finance, both those working through bankruptcy, and those hoping to avoid bankruptcy;

4

- The disabled, and those dealing with long-term health issues, who seek help in dealing with health care bills and those who seek to plan for their long-term financial needs and the needs of their dependents.

Accordingly, the Court should approve the distribution of the residual of the Settlement Fund in the manner requested herein so that the funds can benefit the *cy pres* recipient and so that this Litigation can finally and completely be put to rest. (See Gottsch Decl., Exhibit B, Orders authorizing final distribution of remaining balance of Settlement Fund, In re Bank of New England Corp. Class Action Litig., Order, 89-2582-S (D. Mass. Feb. 8, 2000); In re Boardwalk Marketplace Sec. Litig., 87 cv 156 WWE, MDL No.: 712 (WWE) (D. Conn. July 21, 1999) (Eginton, J.); Goldstein v. Cytogen Corp., CV-92-3960(CSF) (D.N.J. Mar. 5, 1999)(Hughes, J.); and In re: FHP Sec. Litig., Order, SACV 91-580-GLT (RWRx) (C.D. Cal. Oct. 4, 1999) (Taylor, J.))

5

## CONCLUSION

Based upon all of the foregoing, Plaintiffs' Motion should be granted.

DATED:  September 21, 2005               Respectfully submitted,

**CHIMICLES & TIKELLIS LLP**

By:     *Michael D. Gottsch*

Michael D. Gottsch
Joseph G. Sauder
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA  19041
(610)642-8500

Counsel for
Plaintiffs and the Class

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this 21st day of September, 2005

been served via First Class Mail as follows:

Thomas Henefer, Esquire
STEVENS & LEE
111 North Sixth Street
P.O. Box 679
Reading, PA  19603-0674

Russell J. Pope, Esquire
J. Preston Turner
POPE & HUGHES
29 W. Susquehanna Ave.
Towson, MD 21204

Michael D. Gottsch